**CARY et, Plaintiffs-Appellees v WILSEY, d. b. a. WILSEY MOTOR SALES, Defendant-Appellant.**

Ohio Appeals, 3rd District, Allen County.

No. 833. Decided September 10, 1942.

Meredith & Meredith, Lima, for plaintiff-appellees.
Francis W. Durbin, Lima, for defendant-appellant.

## OPINION

By GUERNSEY, J.

This is an appeal from a judgment of the Municipal Court of the City of Lima, in an action pending therein wherein the appellees William H. Cary and Cletus Cary were plaintiffs, and the appellant O. M. Wilsey, d. b. a. Wilsey Motor Sales, was defendant.

The action is one in forcible entry and detention. The notice of appeal prescribes an appeal on questions of law and fact and bond for an appeal on questions of law and fact has been given. The notice of appeal was filed in the Municipal Court on July 2, 1942. No bill of exceptions has been filed. Appellant has not filed his brief or assignments of error, but under the rule the time within which he may file the same has not yet expired.

The case is submitted to this court upon the written motion of the plaintiffs-appellees, as orally amended upon the hearing, (1) for an order determining that the cause can not be heard upon the facts for the reason that it is not a chancery case; and (2) for a further order dismissing the appeal for the reason that under the provisions of §1579-1352 GC, one of the Sections establishing the Municipal Court of Lima, Ohio, in order to perfect an appeal to the Court of Appeals in a forcible entry and detention case the party objecting to the final finding of the Municipal Court upon questions of law or evidence shall reduce his objections to writing and present same to that court within ten days after the overruling of a motion for a new trial of said action, and it appears upon the face of the transcript that no bill of exceptions has been filed, and that

the time for presenting the same to the Judge of the Municipal Court has expired; and (3) in case the motion to dismiss the appeal is overruled, for an order affirming the judgment of the Municipal Court for the reason that no error affirmatively appears from the record before the court on this appeal.

The three branches of the motion will be considered in the order mentioned.

1. Under the provisions of **Section 6** of **Article 4** of the **Constitution,** the only appellate jurisdiction in the trial of cases, conferred upon the Court of Appeals is in the trial of chancery cases. This jurisdiction may not be added to or diminished by the legislature, so that chancery cases are the only type of cases in which the Court of Appeals may retry the facts.

An action in forcible entry and detention is not a chancery case and this court therefore determines that it is without jurisdiction to retry the facts.

In this situation, unless there is some statutory provision specially applicable to appeals from the Municipal Court of Lima, Ohio, to the Court of Appeals precluding the application of the general statutes relating to appeals, the provisions of §12223-22 **GC,** of such general statutes applies, and the appeal should not be dismissed but it should stand for hearing as an appeal on questions of law. Whether there is such a special statutory provision will be considered in connection with the second branch of the motion.

The provisions of §11564 **GC,** are applicable only to appeals from the Common Pleas Court to the Court of Appeals and are not applicable to appeals from the Municipal Court to the Court of Appeals, so that if the appeal stands for hearing as an appeal on questions of law this court is without authority to fix the time for the preparation and settlement of a bill of exceptions.

2. The second branch of the motion requires an interpretation of certain of the provisions of §1579-1352 **GC,** of the Act Establishing the Municipal Court of Lima, Ohio. The pertinent provisions of this section prescribe that proceedings in error may be taken to the Court of Appeals of Allen county, Ohio, from a judgment or final order of the Municipal Court, in the same manner and under the same conditions as are provided by law for proceedings in error from the Common Pleas Court to the Court of Appeals, provided that in actions in forcible entry and detention the party objecting to the finding of the court on questions of law or evidence shall reduce his objections to writing and present same to the trial court not more than ten days after the overruling of the motion for new trial of said action.

For the purposes of review it has been the long established and uniform procedure in this state to require written objections or exceptions to be brought upon the record only where the errors claimed are of such a character as not otherwise to be demonstrable from the record and not to require a bill of exceptions or

objections to review such errors as are otherwise demonstrable from the record before the court.

When a claimed error is demonstable from the record without resort to a bill of exceptions it would be a vain thing to require a bill of exceptions. The law does not require the doing of vain things.

Considering the provisions of the section mentioned, in the light of the long established and uniform procedure, and █ the rule that the law does not require the doing of a vain thing, it is clear that the legislative intent in the enactment of said provisions was to require written objections within the time limited for the review of errors not otherwise demonstrable from the record, and not to require such written objections for the review of errors otherwise demonstrable from the record.

The provisions of §1579-1352 GC, therefore are not of such character as to preclude the application of the general statutes relating to appeals insofar as appeals █ based on errors demonstrable from the record without resort to a bill of exceptions are concerned, and under the provisions of such general statutes the appeal stands for hearing as an appeal upon questions of law for the review of such errors as may be demonstrable from the record before the court, which, as above stated, does not comprehend a bill of exceptions. The second branch of the motion is therefore overruled.

3. The motion to dismiss the appeal having been overruled, we now come to the consideration of the third branch of the motion which is for an order affirming the judgment appealed from, on the ground that no error affirmatively appears from the record before the court upon this appeal.

This branch of the motion is premature, as no assignments of error or briefs on behalf of appellant have been filed █ and the time under the rule, in which they may be filed has not expired. Until such assignments of error and briefs are filed the court is not in position to determine whether there is error demonstrable from the record before it.

It is not the function of the court to search the record █ for possible errors but only to consider such errors as are assigned and argued in appellant's brief.

For the reasons mentioned, the third branch of the motion is overruled.

KLINGER, PJ., and CROW, J., concur.